Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 866-4917

Attorneys for Plaintiff

COPY
Original Received
MAY 23 2011
Clerk of the Trial Courts
By ______ Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

ELIZABETH HEYNEN,

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

Case No. 1JU-11-693 CI pmp

# COMPLAINT

## INTRODUCTION

ELIZABETH HEYNEN, as assignee of Leslie A. Fairbanks, seeks damages against ALLSTATE INSURANCE COMPANY for breach of insurance contract and bad faith breach of the covenant of good faith and fair dealing. She makes these claims as Leslie A. Fairbanks' assignee pursuant to that certain Settlement Agreement and Assignment of Interest dated November 15, 2009 and a Confession of Judgment in the amount of $1,500,000.00 dated March 8, 2010. She received this assignment as part of a settlement of all claims she had against Leslie A. Fairbanks dba Wind River Lodge for catastrophic injuries she suffered on October 21, 2006 when the edge of a stair tread collapsed as she was descending the exterior stairway of the building owned by him.

After HEYNEN sued Leslie A. Fairbanks for her injuries, he tendered the defense of that suit to ALLSTATE INSURANCE COMPANY as a named insured on Policy No. 050-816479. Despite repeated attempts to have ALLSTATE assume the defense and indemnify him, ALLSTATE failed to do so, in fact never once even responding to those tenders. On the

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 866-4917

EXHIBIT B
PG 1 OF 29

eve of trial and facing a significant excess verdict, Leslie A. Fairbanks dba Wind River Lodge settled with HEYNEN, assigning to her his legal claims for insurance bad faith *and* confessing judgment to the objectively reasonable amount of $1,500,000.00.

Pursuant to that assignment and Confession of Judgment, ELIZABETH HEYNEN, through counsel, Mark Choate of the CHOATE LAW FIRM LLC, hereby complains and alleges against ALLSTATE INSURANCE COMPANY , as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Elizabeth Heynen ("HEYNEN") is a resident of the First Judicial District, residing in Juneau, Alaska.

2. Defendant Allstate Insurance Company ("ALLSTATE") is a Illinois corporation and transacts insurance in Alaska. This court has personal jurisdiction over ALLSTATE pursuant to AS 09.05.015((a)(1)(D) and AS 09.15.015(a)(10)(A)(B)(C).

3. HEYNEN brings this Complaint against ALLSTATE as the assignee of certain claims of Leslie Fairbanks against ALLSTATE for breach of contract and insurance bad faith. Those claims were assigned to her as part of a settlement of a personal injury action she brought against Leslie Fairbanks for which he was a named insured on an ALLSTATE insurance policy but for which ALLSTATE failed to defend him or provide insurance coverage.

4. Venue in the First Judicial District is proper

**BACKGROUND**

5. Leslie Fairbanks is a Skagway businessman and owner of a building located at 2091 State Street in Skagway, Alaska.

6. Leslie Fairbanks dba Wind Valley Lodge leased that building on April 1, 2006 to his daughter Julene Fairbanks for a three year period.

7. The written Lease Agreement (Attachment 1) at paragraph 16 required Julene Fairbanks as Lessee to "keep in effect liability insurance naming Lessor as an additional insured in an amount not less than Three Hundred Thousand Dollars ($300,000.00) for injury or death to one person and Five Hundred Thousand Dollars ($500,000.00) for injury or death

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

per any number of persons in anyone accident or incident, and One Hundred Thousand Dollars ($100,000.00) for property damage or destruction per accident."

8. Julene Fairbanks doing business as You Say Tomato obtained a liability insurance policy from ALLSTATE policy no. 050 816479. Under Coverage B - Business Liability, Part One - Comprehensive Liability coverage was provided at $500,000 for each accidental event.

9. ALLSTATE policy no. 050 816479 at paragraph 4 named Leslie A. Fairbanks dba Wind Valley Lodge as an "Additional Insured for Leased Premises under Coverage B - Part One". (Declarations Page - Attachment 2)

10. The coverage ALLSTATE policy no. 050 816479 provided to Leslie A. Fairbanks dba Wind Valley Lodge in regard to the building at 2091 State Street, was the same coverage it provided to Julene Fairbanks. ALLSTATE's policy covered not only Julene Fairbanks liability for negligence by Wind Valley Lodge, but also provided coverage against liability for Wind Valley Lodge's sole negligence and liability resulting from concurrent negligence by both Wind Valley Lodge and Julene Fairbanks.

11. Julene Fairbanks leased a second-story apartment in the building located at 2091 State Street to HEYNEN on or about April 26, 2006. (Attachment 3) Access to the apartment was primarily by an exterior staircase on the west side of the building.

12. On October 21, 2006, HEYNEN was descending that exterior staircase when the edge of one of the treads collapsed causing her to fall backwards striking her lower spine on the edge of the landing.

13. As a result of that fall, HEYNEN suffered catastrophic injury to her lower spine. On December 15, 2006, she underwent neurosurgery to address injury to her spine that included the following procedures:

a. *L4-5 bilateral laminectomy* (a surgical procedure in which the posterior arch of a vertebra is removed. It is done to relieve pressure on the spinal cord or on the nerve roots that emerge from the spinal canal); and *facetectomy* (a surgery to remove all or part of a facet joint).

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 866-4917

EXHIBIT B
PG 3 OF 29

b. *Bilateral foraminotomy* (a medical operation used to relieve pressure on nerves that are being compressed by the intervertebral foramina, the passages through the bones of the vertebrae of the spine that pass nerve bundles to the body from the spinal cord); and *decompression* (this procedure is carried out to relieve pressure on the spinal cord or nerve roots).

c. *Transforaminal lumbar interbody fusion* with *interbody graft* (an operation where the lumbar spine is approached from the side through an incision in the back. A portion of bone and disc are removed from the spine and replaced with an implant that is inserted into the disc space. Titanium or stainless steel screws and rods are inserted into the spine to ensure the stability of the entire construct).

d. *Posterior spinal fusion with L4-5 pedicle screw instrumentation and rod system* (surgery to correct problems in the spine bones (vertebrae). The surgery stabilizes the back by fusing certain bones in the spine together. Fusing means two bones are permanently placed together ("fused") so that movement between them can no longer occur. Metal screws and rods are used when to increase stability).

e. Posterior lateral fusion with focal autograft bone mixed with DBX and allograft crouton bone (involves placing bone graft in the posterolateral portion of the spine to obtain fusion);

f. Removal of previous left-sided 4-5 facet screw;

g. Resection of epidural scar tissue from the canal at L4-5.

Notwithstanding the surgery, HEYNEN continued to suffer chronic pain and was completely disabled from both working and many of the important activities of daily living.

14. On June 27, 2007, HEYNEN sued Leslie A. Fairbanks and Julene Fairbanks in the Superior Court for the State of Alaska, First Judicial District, Case No. 1JU-07-710 CI. Her lawsuit alleged the defendants were liable for injuries she suffered as a result of a defective condition of the staircase and negligent failure to maintain it.

15. Leslie Fairbanks also had a separate insurance policy on the property at 2091 State Street through Alaska National Insurance Company (ANIC) Policy No. 05J PS 55559 and

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

EXHIBIT B
PG 4 OF 29

that policy was in effect at the time of HEYNEN's fall. Upon receiving notice from its insured that a Complaint had been served, ANIC engaged defense counsel to defend Leslie A. Fairbanks dba Wind Valley Lodge.

15. With respect to HEYNEN's liability claim, Leslie A. Fairbanks dba Wind Valley Lodge was an additional insured under ALLSTATE Policy No. 050 816479.

16. On behalf of Leslie A. Fairbanks dba Wind Valley Lodge, demand was made through counsel, for ALLSTATE to acknowledge that Leslie A. Fairbanks dba Wind Valley Lode was its additional insured and perform the contractual obligations ALLSTATE owed to Leslie A. Fairbanks dba Wind Valley Lodge under the terms of its insurance policy, including assuming the duty to defend and indemnify Leslie A. Fairbanks dba Wind Valley Lodge.

17. On behalf of Leslie A. Fairbanks dba Wind Valley Lodge, ANIC tendered its defense of the Heynen lawsuit to ALLSTATE based on the provision in ALLSTATE'S policy providing liability coverage for Leslie A. Fairbanks dba Wind Valley Lodge as an additional insured.

18. Thereafter, ANIC made multiple requests that ALLSTATE acknowledge and accept its responsibility to defend Leslie A. Fairbanks dba Wind Valley Lodge, but ALLSTATE did not respond. ANIC also demanded ALLSTATE reimburse its legal fees and costs incurred in defending Wind Valley Lodge against Heynen's lawsuit.

19. On November 15, 2009 Leslie A. Fairbanks, individually and dba Wind Valley Lodge, agreed to settle all claims by Elizabeth Heynen, by confessing judgment in the amount of $1,500,000.00 or the amount awarded at trial, that is allocated to him, whichever amount is higher. (Attachment 4)

20. In addition, Leslie A. Fairbanks assigned all claims he might have for insurance bad faith against ALLSTATE and/or any insurance entity related to ALLSTATE arising from Policy No. 050 81649.

21. As additional consideration for the settlement, Leslie A. Fairbanks also agreed to pay the sum of $150,000 to Elizabeth Heynen for her bodily injury/illness within fifteen (15) business days of the signing of a formal document memorializing the settlement. (Attachment 3)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

22. Leslie Fairbanks and ANIC maintained their right to any claims against ALLSTATE for collection and recovery of the defense paid for Leslie Fairbanks and payment of monetary amounts for resolution of the claims made by HEYNEN.

22. On March 8, 2010, Leslie A. Fairbanks signed a Confession of Judgment After Action consistent with the Settlement Agreement and Assignment of Interest dated November 15, 2009, in the amount of $1,500,000.00. (Attachment 5)

23. The Settlement Agreement and Assignment of Interest confessing judgment in the amount of $1,500,000.00, paying cash in the amount of $150,000.00, was objectively reasonable at the time it was entered for the following reasons:

a. Heynen's Damage Claims Supported The Settlement Valuation: The Settlement Agreement and Assignment of Interest was entered into just days before trial. Heynen's experts had calculated her past and future special damages to be in excess of $1,500,000.00. Heynen had been found by the Social Security Administration to be totally disabled (unable to work at any gainful occupation) as a result of her broken back. The fall had transformed her from being an active person engaged in everything from dog mushing, cross-country skiing and scuba diving to someone forced to sit in a chair and endure unrelenting pain.

b. The Merits of Heynen's Liability Theory Supported The Settlement Valuation: Heynen claimed that the egress from her apartment was defective and dangerous causing her injury. More particularly, she claimed that the edge of the stair tread collapsed for lack of inspection and maintenance. The Court had already found that Alaska's Residential Landlord/Tenant Act applied and there was a duty on the part of the landlord(s) - both Julene and Leslie Fairbanks - to maintain the stairway.

c. The Merits of Leslie Fairbanks' Defense Theory Supported the Settlement and Its Economic Terms: Leslie Fairbanks' defense theory was largely that his tenant and daughter Julene Fairbanks was responsible for maintenance of the stairwell. He admitted that he had performed not actual inspection of the stair treads for years prior to the tread's failure.

d. Leslie Fairbanks' Relative Fault Supported Settlement; Leslie Fairbanks retained and shared ongoing maintenance responsibilities for the building at 2091 State Street. He lived just blocks away and visited the building on a frequent basis. The exposed stairway on the east

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

side of the building was easily viewed and the untreated and unprotected stair treads were visibly cracked from their exposure to the elements.

e. The Risks and Expenses of Continued Litigation Supported Settlement;

Jury trial began the day following the signatures on the Settlement Agreement. Trial was expensive and could result in a multi-million dollar verdict against the defendants. Plaintiff had made an Offer of Judgment to Leslie Fairbanks dated December 18, 2007 in the amount of $500,000.00, and given her large special damages, there was a significant likelihood that Plaintiff would receive enhanced interest and attorneys' fees.

f. Leslie Fairbanks' Ability to Pay:

Leslie Fairbanks suffered significant exposure of his personal assets in the event of an adverse verdict at trial. This risk was exacerbated and compounded by ALLSTATE's failure to defend and to participate with ANIC in any settlement discussions.

g. There Was No Evidence of Bad Faith, Collusion or Fraud;

The Settlement Agreement and Assignment of Interest, reached on the eve of trial by a Defendant who had been abandoned by ALLSTATE and left without the protections provided by Policy No. 050 81649 was made to resolve Plaintiff's claims against Leslie Fairbanks and to protect him from the consequences of an adverse verdict. There is no evidence of bad faith, collusion or fraud.

h. The Extent of Leslie Fairbanks Investigation and Preparation of the Case;

Leslie Fairbanks' counsel was the most active of the defense counsel in preparing the defense of the case. She had participated at all depositions and was responsible for the lion's share of pleadings filed, including pretrial motions. She was most familiar with the relative risks and benefits of going to trial and made her decision with solid information and preparation.

i. The Interest of the Parties Not Being Released.

Julene Fairbanks faced the greatest risk of an adverse award in that between special and general damages, with fees and costs, there could easily have been an award in excess of $3,000,000.00. Depending upon allocation of fault, she faced huge risks if the jury found for

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

Plaintiff. In contrast, Leslie Fairbanks avoided those risks by entering into the Settlement Agreement.

23. On May 28, 2010, ANIC filed suit against ALLSTATE in the Superior Court for the Third Judicial District in Case No. 3AN-10-7833 CI for its fees and costs incurred in defending HEYNEN's lawsuit in Case No. 1JU-07-710 CI, and for the $150,000.00 it paid directly to HEYNEN. As of the date of this Complaint, that case remains "Open" on Courtview but it is believed to have resolved in favor of ANIC.

24. The claims brought in this matter by HEYNEN are as the assignee of Leslie A. Fairbanks dba Wind Valley Lodge for insurance bad faith against ALLSTATE arising from Policy No. 050 816479, the Settlement Agreement and Assignment of Interest dated November 15, 2009 and the Confession of Judgment After Action dated March 8, 2010.

**COUNT ONE**

**BREACH OF CONTRACT**

23. Plaintiff incorporates by reference the allegations contained within paragraphs 1-22 as though fully set out herein, and further states as follows:

24. ALLSTATE Policy No. 050 81649 was a valid insurance contract for the purpose of insuring, protecting and indemnifying Leslie A. Fairbanks dba Wind Valley Lodge in the event of a liability claim arising from the operation or maintenance of the building at 2091 State Street in Skagway, Alaska.

25. All conditions precedent had been complied with by Leslie A. Fairbanks at the time he made his request for a defense and indemnification by ALLSTATE.

26. ALLSTATE breached its duties under the insurance contract in failing to defend and/or indemnify Leslie A. Fairbanks dba Wind Valley Lodge. The breach was material as it went to the heart of the protection Julene Fairbanks contracted with ALLSTATE to provide for Leslie A. Fairbanks consistent with the written lease agreement.

27. As a direct and proximate result of that breach of contract, Leslie A. Fairbanks has suffered damages in excess of $100,000.00, the exact amount to be proven at time of trial.

28. ALLSTATE is responsible for all contractual damages suffered by Leslie A. Fairbanks as a result of its breach of contract..

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 866-4917

EXHIBIT B
PG 8 OF 29

COUNT TWO

BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

29. Plaintiff incorporates by reference the allegations contained within paragraphs 1-28 as though fully set out herein, and further states as follows:

30.. In every insurance contract in Alaska there is an implied covenant of good faith and fair dealing.

31. The covenant requires that the insurer treat the rights of the insured co-equal to its own.

32. ALLSTATE breached the covenant of good faith and fair dealing in failing to respond to the tender of defense, failing to defend and failing to indemnify Leslie A. Fairbanks.

33. As a direct and proximate result of ALLSTATE's bad faith breach of the covenant of good faith and fair dealing, Leslie A. Fairbanks suffered tort damages including but not limited to a Confession of Judgment in the amount of $1,500,000.00, the exact amount to be proven at time of trial.

34. ALLSTATE's failure to respond to the tender of defense and repeated requests to defend and indemnify Leslie A. Fairbanks dba Wind Valley Lodge was outrageous or done with reckless indifference to his rights justifying an award of punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

1. Damages pursuant to the Confession of Judgment dated April 8, 2010, in the amount of $1,500,000.00.

2. Such other contract and tort damages as are demonstrated at trial;

3. Punitive damages according to proof;

4. Costs and Attorneys' fees as allowed by law;

5. Pre-judgment and post-judgment interest at the highest rates allowed by law;

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 866-4917

May. 26. 2011 6:42PM No. 7437 P. 15

6. For such other and further relief at the Court may deem just and equitable.

DATED: Monday, May 23, 2011, at Juneau, Alaska.

CHOATE LAW FIRM LLC
Attorneys for Plaintiff

By: ______________________
Mark Choate, 8011070

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-4917

10

*Heynen, Elisabeth v. Allstate Insurance Company*
COMPLAINT
*1JU-11-____ CI*

EXHIBIT B
PG 10 OF 29

# LEASE AGREEMENT

**THIS LEASE**, is made in Skagway, Alaska, as of April 1, 2006 between, Wind Valley Lodge of P.O. Box 354, Skagway, Alaska 99840, hereinafter referred to as "Lessor", and Julene L. Fairbanks of P.O. Box 172, Skagway, Alaska ~~9980~~ 99840 hereinafter referred to as "Lessee".

**WITNESSETH:**

1. **DESCRIPTION OF PREMISES.** Lessor hereby leases to Lessee and Lessee leases from Lessor on the terms and conditions set forth herein, the building situated on Lot 1A,Block 119, in the City of Skagway, Alaska, herein referred to as the "Premises", and the furnishings, fixtures, and equipment therein and thereon.

2. **PURPOSE.** The Lessee shall use and occupy the Premises as an apartment, restaurant, retail grocery and related businesses. At no time shall more than four (4) persons occupy the apartment as a domicile without first obtaining written permission from the Lessor. Any person occupying the apartment for more than twenty one (21) days whether consecutively or not will be deemed to be an occupant. Occupants of the apartment in excess of four (4) persons shall result in an additional rent of Fifty Dollars ($ 50.00) per month per occupant.

3. **TERM.** The term of the lease shall be Thirty-six (36) consecutive months and shall commence on April 1, 2006 and ending on March 31, 2009. Thereafter the lease shall be from month to month until cancelled upon thirty (30) days written notice by either party.

4. **RENT.** Lessee agrees to pay Lessor as rental of the Premises One Thousand Five Hundred Dollars ($ 1,500.00) per calendar month. The rent is due on or before the 1st day of each calendar month. The rent is exclusive of any sales, franchise or other fees based on rent, and should any such fees apply or be enacted during the term of this lease, the rent shall be increased by that amount. Lessee further agrees that on default in any payment of rent hereunder, Lessee shall pay Lessor, as additional rent, interest at twelve percent (12%) APR from the day it is due until fully paid. There shall be a penalty of Fifty Dollars ($ 50.00) added to the rent for which rent has not been paid within fifteen (15) days of the due date.

5. **UTILITIES.** Lessee hereby agrees to pay all charges for heat, electricity, water, sewer and garbage which shall be used in or charged to the Premises during the full term of the Lease. Lessor shall not be liable for the failure of any such service for any reason whatsoever.

6. **ACCEPTANCE OF PREMISES.** By entry hereunder, Lessee acknowledges, she has examined the Premises and accepts the same in their "as is" condition.

7. **REPAIRS AND CARE OF PREMISES.** Lessee will permit no waste, damage, or injury to the Premises. Lessee, at her cost and expense, will keep all drainage pipes free and open, and will protect water, sewer and fuel pipes serving the Premises so that they will not freeze or become clogged, and will repair all damages caused by leaks or by reason of Lessees failure to keep free, open and unfrozen any of the pipes and plumbing serving the Premises. Lessee shall maintain the Premises, grounds, and landscaping so as to be safe and attractive. Lessee shall at all times use the Premises in accordance with all laws and ordinances, and comply with directions, rules and regulations of all proper governing bodies. Lessee shall be responsible for and perform all routine maintenance upon the

JLF [initials]

Attachment 1
page 1 of 3

EXHIBIT B
PG. 11 OF 29

Premises, and shall be responsible for any and all damages caused by the acts of Lessee, or acts of anyone on the Premises at the request of or for the benefit of Lessee. All repairs shall be made in a reasonable time considering the repairs needed and availability of items needed for repair, but in any event, in no less then twenty-one (21) days. If Lessee does not make the repair within twenty-one (21) days, Lessor can have the repair done and charge the actual cost of repair plus a ten percent (10%) administrative fee to the rent.

8. **ALTERATIONS.** Lessee agrees not to make any alterations, additions or improvements to the Premises without the written consent of the Lessor first being obtained. Lessee shall make no punctures to the floor, ceiling or walls to make attachments thereto without prior written consent of the Lessor. Should the Lessee request and obtain permission to make alterations, additions or improve- ments, Lessor shall and does as a condition of such approval, reserve the right to take possession of said improvement at no cost, or to require the Lessee to remove and restore the Premises to it's original condition at the Lessees expense.

9. **ACCIDENTS.** All personal property of the Lessee or Lessee's agents and tenants shall be kept at the risk of the Lessee or Lessee agents and tenants. Lessor shall not be liable for theft or damage to persons or property sustained by Lessee or other, caused by any defects now in the Premises or from any act or neglect of other occupants of Premises, or any accident whatsoever cause, in or about the Premises. Lessor shall not be responsible for cost of liability insurance pertaining to the Premises.

10. **ASSIGNMENT.** Lessee shall not assign this lease or any part thereof.

11. **ACCESS.** Lessee will allow Lessor or Lessor's agent access at all reasonable times in and to the Premises for the purpose of inspection, or for making repairs, additions or alterations to the Premises. Lessor shall have the right to place "For Rent" or For Sale" signs on the Premises.

12. **DAMAGE OR DESTRUCTION.** If the Premises are damaged by fire, wind, flood or other cause to such an extent that the cost of restoration as reasonably estimated by the Lessor is prohibitive, then the Lessor may give Lessee a notice of election to terminate the lease. In the event of such election, the lease shall be deemed to terminate as of the date of the damage or destruction, and Lessee shall surrender the Premises and any prepaid rent shall be repaid the Lessee within fourteen (14) days after the Lessee vacates the Premises.

13. **PETS AND LIVESTOCK.** Lessee nor Lessee's tenants shall house or keep on the Premises any pets or livestock without prior written consent of Lessor.

14. **HAZARDOUS SUBSTANCE DISCLOSURE.** Lessee shall promptly disclose to Lessor in writing, if Lessee knows or has cause to believe that any toxic, dangerous or hazardous substance as defined under federal, state or local law has come to be located in, on or about the Premises. Release by Lessee or Lessees' tenants of any toxic, dangerous or hazardous substance shall be a default of this Lease and allow Lessor such remedies as provided for by this agreement or by law.

15. **NOTICES.** All notices to be given by parties herein shall be in writing and may be delivered personally or deposited in the United States mail.

16. **INSURANCE.** Lessee and Lessee's tenants agree to purchase and keep in effect liability insurance naming Lessor as an additional insured in an amount not less than Three Hundred Thousand Dollars ($ 300,000.00) for injury or death to one person, and Five Hundred Thousand Dollars ($ 500,000.00) for injury or death per any number of persons in any one accident or incident, and One Hundred Thousand Dollars ($ 100,000.00) for property damage or destruction per accident.

JLF JF

Attachment 1
page 2 of 3

EXHIBIT B
PG. 12 OF 29

**17. LESSEE'S OPTION TO PURCHASE-RIGHT OF FIRST REFUSAL.** Should the Lessor, during the term of the Lease elect to sell the Premises and property herein specified, the Lessee will have the right of first refusal to meet any bona fide offer of sale on the same terms of such offer. Upon Lessee's failure to meet such offer within thirty (30) days after notice thereof from the Lessor, the Lessor shall be free to sell to a third party in accordance with the terms of the offer.

**18. TERMINATION.** Not later than the last day of the term of this Lease, Lessee and Lessee's tenants shall, at their expense, remove all personal property and improvements, which have not become the property of the Lessor, repair any injury done by or in connection with installation or removal of property and improvement, and surrender the Premises in as good conditions as they were at the beginning of the term of this lease, except for reasonable wear or other cause not due to misuse or neglect by Lessee or Lessee's tenants. At the termination of this lease the Lessee and Lessee's tenants will quit and surrender the Premises and deliver all keys belonging to the Premises to the Lessor. In taking possession of the Premises, Lessor shall have the right to remove from the Premises all personal property of Lessee and Lessee's tenants located therein, and may dispose of such property in any manner Lessor deems necessary.

**19. COST AND ATTORNEY'S FEES.** If Lessee or Lessee's tenants, or Lessor shall bring any action for relief against the other arising out of the lease, including any suit by Lessor for the recovery of rent or possession of the Premises, the losing party shall pay the successful party a reasonable sum for attorney's fees in such suit.

**DOCUMENT:**
**THIS DOCUMENT** represents the entire agreement of the parties and there are no representations not stated herein, except those mandated by laws of governing agencies, which may conflict with or be in addition to this agreement. This agreement may only modified by a writing executed by both parties.

**IN WITNESS** whereof, the parties have executed this instrument in Skagway, Alaska on the day and year written opposite each signature for an effective date as first written above.

LESSOR:

Dated: April , 2006 [signature]
Leslie A. Fairbanks
for: Wind Valley Lodge

LESSEE:

Dated: April , 2006 [signature]
Julene L. Fairbanks

Attachment 1
page 3 of 3

EXHIBIT B
PG 13 OF 29

Allstate.

## ALLSTATE INSURANCE COMPANY

**DECLARATIONS**

CUSTOMIZER POLICY NO. 050 816479
SPECIAL FORM

1. The Insured JULENE FAIRBANKS DBA YOU SAY TOMATO

   Mailing Address PO BOX 172
   SKAGWAY, AK 99840

   LOCATION OF INSURED PREMISES: 2081 STATE STREET
   SKAGWAY, AK 99840

   FRAME RETAIL BUILDING

2. Policy Period from 03/19/2006 to 03/19/2007
   Beginning and ending 12:01 A.M., Standard Time at the address of the insured stated above.

3. The Insured is a INDIVIDUAL

4. ADDITIONAL INTERESTS
   This policy also covers the interests of any of the following when indicated by an "X" and named below.

   [ ] The Mortgagee under Coverage A - Part One
   [ ] The Loss Payee under Coverage A - Part Two
   [ ] Other
   [X] The Additional Insured for Leased Premises, under Coverage B - Part One
   [ ] The Vendor under Coverage B - Part One

   Name LESLIE A FAIRBANKS DBA WIND VALLEY LODGE

   Address PO BOX 354
   SKAGWAY, AK 99840

5. POLICY COVERAGES
   This policy applies to each of the Coverages and Parts shown below. Under Coverage A, Coverage is provided only for property at the Insured Premises for which a specific limit of liability is shown.

| Coverage A - Business Property | | | |
|---|---|---|---|
| Part | | Limits of Liability | |
| One | Buildings<br>The Property Insurance<br>Adjustment Condition IS NOT applicable to this policy | | |
| Two | Business Contents REPLACEMENT COST | $50,000 | |
| | DEDUCTIBLE $1,000 applicable to each adjusted loss | | |

| Coverage B - Business Liability | | | |
|---|---|---|---|
| Part | | Limits of Liability | |
| One | Comprehensive Liability | $500,000 | EACH ACCIDENTAL EVENT |
| | Fire and Specified Peril Legal Liability | $50,000 | EACH ACCIDENTAL EVENT |
| | Advertising Injury Liability | $100,000 | |
| Two | Medical Payments | $5,000<br>$25,000 | EACH PERSON<br>EACH ACCIDENT |

BU5570-6
(ED. 10-03)

SU114-2

Attachment 2
page 1 of 4

EXHIBIT B
PG 14 OF 29

Allstate

DECLARATIONS

CUSTOMIZER POLICY NO. 050 816470
SPECIAL FORM

6. OPTIONAL COVERAGES
The following optional coverages, if any, are provided under this policy.

| Coverage | Location(s) | Limits of Liability |
| --- | --- | --- |
| EMPLOYER NON-OWNER AUTO LIABILITY | ALL | SAME AS COVERAGE B - PART 3 |
| HIRED AUTO | ALL | SEE COVERAGE B - PART 4 |
| LOSS OF INCOME - RENTS | ALL | SEE COVERAGE A - PART 3 |
| SPOILAGE | ALL | SEE COVERAGE A - $2,500 |

7. Annual Premium for the Policy and Optional Coverages $1,041.00

The portion of the annual premium shown above that is attributable to coverage for losses caused by "acts of terrorism" to which the Program established by the "Terrorism Risk Insurance Act of 2002" applies is $0-COVERAGE REJECTED . SEE DISCLOSURE NOTICE ON PAGE 4 OF 4.

Attachment 2
page 2 of 4

Allstate.

DECLARATIONS

CUSTOMIZER POLICY NO. 050 818479
SPECIAL FORM

8. ENDORSEMENTS
The following endorsements amend this policy.

| | | | | |
|---|---|---|---|---|
| BU5590A | BU5812-B | BU5754 | BU5756-1 | BU5788 |
| BU5795 | BU5818 | BU5581A-1 | BU5562 | BU5683 |
| BU5830 | BU5578 | | | |

PROCESS DATE: 04/01/2006 RCC: IA

Countersigned by CHILKOOT-GATEWAY IN Authorized Agent

BU5570-5
(ED. 10-03)

BU113-2

Attachment 2
page 3 of 4

EXHIBIT B
PG 16 OF 29

 DECLARATIONS

CUSTOMIZER POLICY NO. 050 816479
SPECIAL FORM

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM
## INSURANCE COVERAGE

On November 26, 2002, the federal "Terrorism Risk Insurance Act of 2002" (the federal Act) became effective. The federal Act establishes a temporary federal Program (the federal Program) providing for a system of shared public and private compensation for certain insured commercial property and casualty losses resulting from "acts of terrorism," as defined in the federal Act.

The federal Act defines an "act of terrorism" as an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside of the United States in the case of certain air carriers or vessels or on the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as a part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States government by coercion.

**DISCLOSURE OF FEDERAL SHARE OF COMPENSATION FOR INSURED LOSSES**

Insured losses caused by "acts of terrorism" to which the federal Program applies would be partially reimbursed by the United States of America under a formula established by the federal Act. Under that formula, the United States of America pays 90 percent of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.

**DISCLOSURE OF PREMIUM**

[X] Your insurance coverage does not include coverage for losses caused by "acts of terrorism" to which the federal Program applies, other than for losses to covered property caused by a predominant covered cause of loss that ensues from a secondary cause of loss not covered resulting from such "acts of terrorism". The portion of your annual premium that is attributable to coverage for losses to covered property caused by a predominant covered cause of loss that ensues from a secondary cause of loss not covered resulting from such "acts of terrorism" to which the federal Program applies is $0.00. If you would like your insurance coverage to include additional coverage for losses caused by "acts of terrorism" to which the federal Program applies, you may purchase that additional coverage for an additional annual premium charge of $2.00 Coverage is subject to policy terms, conditions, limitations and exclusions. Please ask your agent for more information.

LEASE AGREEMENT

This Lease, made in Skagway, Alaska, as of April 21, 2006, between Hobohemia of P.O. Box 172, Skagway, Alaska 99840, hereinafter referred to as "Lessor", and Elizabeth Heynen of P. O. Box 134, Skagway, Alaska 99840 hereinafter referred to as "Lessee".

WITNESSETH

1. DESCRIPTION OF PREMISES. Lessor hereby leases to Lessee and Lessee leases from Lessor on the terms, covenants, and conditions set forth herein; the space known as Siding 21 apartment in the building situated at the southwest corner of State Street and 21st Avenue, in Skagway, Alaska hereinafter referred to as the "Premises", the same consisting of space of 1,100 square feet MOL, and the furnishings, fixtures and equipment therein per Exhibit "A" and one designated parking space.

2. PURPOSE. The Lessee will use and occupy the Premises as a residence and for no other purpose. At no time shall more than four (4) persons use the premises as a domicile. Any person occupying the Premises for more than twenty-one (21) day, whether consecutively or not, will be deemed to be an occupant of the Premises. Lessee shall not commit or allow to be committed any waste upon the Premises or any public or private act or thing which disturbs the quiet and enjoyment of other tenants in this or any adjoining property.

3. TERM. The term of the lease shall be twelve (12) consecutive calendar months and shall commence on May 1, 2006 and end on April 30, 2007. Thereafter the Lease shall be from month to month until cancelled or amended upon thirty (30) day written notice by either party.

4. CONDITIONS. This lease agreement is entered into under the condition that the Lessee is an employee of "You Say Tomato". Should the Lesse's employment be terminated by Lessee or "You Say Tomato" this agreement shall be terminated immediately and subject to the provisions set forth in 18. TERMINATION.

5. RENT. Lessee agrees to pay Lessor as rental of the Premises, in lawful money of the United States, Seven Hundred Fifty Dollars ($750) per calendar month. The rent is due on or before the 1st day of each calendar month. The rent is exclusive of any sales, franchise, or other fees based on rents, and should any such fees apply or be enacted during the [illegible] lease, the rent shall be increased by that amount. Lessee further agrees that on default in any pay[illegible]der, Lessee shall pay Lessor, as additional rent, interest at 1% per month or portion thereof from the day it .. due until fully paid. There shall be a penalty of Twenty-five Dollars ($ 25.00) added to the rent for which the rent has not been paid within fifteen (15) days of the due date.

6. SECURITY DEPOSIT. Lessee shall deposit with Lessor, before occupying the Premises the sum of Three Hundred Seventy Five Dollars ($375.00) as security for the full performance of the provisions of this lease. If at any time during the lease term, Lessee may be in default in payment of rent, Lessor may appropriate all or part of the security deposit for such purpose. Lessor may also appropriate all or part of the security deposit to repair damages to the Premises caused by the Lessee or defray any and all expenses incurred by Lessor in cleaning or maintaining the Premises from conditions created by Lessee. Upon use of any part or all of the security deposit, Lessee shall pay to the Lessor on demand, a like sum. Lessor's obligation with respect to the security deposit
is that of a debtor, not a trustee, and no interest shall accrue thereon. If Lessee shall have complied with all the conditions of this Lease, such sum shall be repaid to Lessee within thirty (30) days after termination of this Lease.

7. UTILITIES. Lessor herby covenants and agrees to pay all charges for electricity, water, sewer, and garbage which shall be used in or charged to the Premises during the full term of this Lease. Lessor shall not be liable for the failure of any such service for any reason whatsoever.

8. ACCEPTANCE OF PREMISES. By entry hereunder, Lessee acknowledges that he/she has examined the Premises and accepts the same in their "as is" condition.

Attachment 3
page 1 of 3

9. REPAIRS AND CARE OF PREMISES. Lessee will permit no waste, damage, or injury to the Premises. Lessee, at his/her cost keep all drainage, water and fuel pipes free and open, and will repair all damages caused by leaks or by reason of Lessee's failure to protect and keep free, open and unfrozen any of the pipes serving the Premises. Lessee shall maintain the Premises, sidewalks and grounds adjacent to the Premises so as to be safe and attractive. Lessee shall at all times use the Premises in accordance with all laws and ordinances, and comply with directions, rules and regulations of all proper governing bodies. Lessee shall be responsible for and perform all routine maintenance upon the premises, and shall be responsible for any and all damages caused by the acts of anyone on the Premises at the request of or for the benefit of Lessee. All repairs shall be made in a reasonable time considering the repairs needed and the availability of items needed for repair, but in any event, in no less than twenty-one (21) days. If Lessee does not make the repair within twenty-one (21) days, Lessor can have the repair done and charge the actual cost of repair, plus a 10% administrative fee, to the rent.

10. ALTERATIONS. Lessee agrees not to make any alterations, additions, or improvements to the Premises without the written consent of the Lessor first being obtained. Lessee shall make no punctures to the floor, ceiling or walls or make attachments thereto without prior written consent of the Lessor. Should the Lessee request and obtain permission to make alterations, additions, or improvements, Lessor shall and does as a condition of such approval reserve the right to take possession of said improvements at no cost, or to require Lessee to remove same and restore the Premises to its original condition at the Lessee's expense.

11. ACCIDENTS. All personal property kept on the Premises shall be so kept at the risk of Lessee. Lessor shall not be liable for theft or damage, either to person or property sustained by Lessee or other, caused by any defects now in Premises, or from any act or neglect of other occupants of Premises, or any accident from whatsoever cause in and about the Premises. Lessor shall not be responsible for cost of insurance of personal property of Lessee, nor shall Lessor be responsible for cost of liability insurance pertaining to the Premises.

12. ASSIGNMENT. Lessee shall not assign this Lease or any part thereof and shall not let or sublet the whole or any portion of the Premises.

13. Access. Lessee will allow Lessor or Lessor's agents free access at all reasonable times in And to the Premises for the purpose of inspection, or making repairs, additions, or alterations to the Premises. Lessor shall have the right to place "For Rent" or "For Sale" signs on the Premises.

14. DAMAGE, DESTRUCTION, OR CONDEMNATION. If the Premises are damaged by fire, wind, flood, or other cause to such extent that the cost of restoration as reasonably estimated by the Lessor is prohibitive, and then the Lessor may give Lessee a notice of election to terminate the Lease. In the event of such election, the Lease shall be deemed to terminate as of the date of the damage or destruction, and Lessee shall surrender the Premises within thirty (30) days, and any prepaid rent shall be repaid to Lessee within fourteen (14) after Lessee vacates the Premises.

15. PETS OR LIVESTOCK. Lessee shall not house or keep on the Premises any pet or livestock.

16. HAZARDOUS SUBSTANCE DISCLOSURE. Lessee shall promptly disclose to Lessor in writing, if Lessee knows or has cause to believe that any toxic, dangerous, or hazardous substance as defined under federal, state, or local law has become located in or about the Premises. Release by Lessee of any toxic, dangerous, or hazardous substance shall be default in the terms of the Lease and allow Lessor such remedies they may have in agreement and/or as provided by law.

17. NOTICES. All notices to be given by the parties hereto shall be in writing and may be served personally or deposited in the United States mail to the addresses specified above.

18. TERMINATION. Not later than the last day of the term of this Lease, Lessee shall, at his/her expense remove all personal property and improvements made by Lessee, which have not become the property of the Lessor, repair all injury done by or in connection with the installation or removal of property and improvements and surrender the Premises in as good condition as they were

Attachment 3
page 2 of 3

at the beginning of the Lease, except for reasonable wear or other cause not due to misuse or neglect by the Lessee. At the termination of this Lease, the Lessee will quit and surrender the Premises and deliver all keys belonging to the Premises to Lessor or Lessor's agent. In taking possession of the Premises at the termination of the Lease, Lessor shall have the right to remove from the Premises all personal property of Lessee located therein, and may dispose of such property in any manner Lessor deems necessary, without any obligation to Lessee.

19. COSTS AND ATTORNEY'S FEES. If Lessee or Lessor shall bring any action for relief against the other arising out of this Lease, the losing party shall pay the successful party a reasonable sum for attorney's fees in such suit, and such fees shall accrue on the commencement of such action.

DOCUMENT

THIS DOCUMENT represents the entire agreement of the parties and there are not any representations not stated herein, except those mandated by laws of governing agencies, which may conflict with this agreement or be in addition to the agreement. Writing executed by both parties hereto can only modify this agreement.

Dated: April 22, 2006

Signed: Elizabeth [signature] (Lessee)

Signed: [signature] (Lessor)
For Hobohemia

Attachment 3
page 3 of 3

EXHIBIT B
PAGE 20 OF 29

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

ELIZABETH HEYNEN,

Plaintiff(s),

vs.

LESLIE A. FAIRBANKS and JULENE FAIRBANKS,

Defendant(s).

Case No. 1JU-07-710 CI.

SETTLEMENT AGREEMENT AND ASSIGNMENT OF INTEREST

Plaintiff ELIZABETH HEYNEN and Defendant LESLIE FAIRBANKS individually and as d/b/a Wind Valley Lodge hereafter noted as LESLIE FAIRBANKS, and through their counsel of record, agree to settle all claims by ELIZABETH HEYNEN in this matter against LESLIE FAIRBANKS on the following terms and conditions:

1. LESLIE FAIRBANKS confesses judgment to ELIZABETH HEYNEN in the amount of $1.5 m or the amount awarded at trial that is allocated to him, whichever amount is higher;[1]

2. As an express condition of this settlement, LESLIE FAIRBANKS will give the Court notice in writing this weekend and by phone first thing Monday morning that due to his release from the case the items are moot and he is withdrawing - all pending motions, jury instructions, exhibits, deposition designations, witnesses;

3. LESLIE FAIRBANKS will cooperate as needed to testify at trial consistent with his prior depositions - most likely, we will not call him but will now rely on his depositions;

4. LESLIE FAIRBANKS assigns all claims he may have for insurance bad faith against

[1] A form of Confession of Judgment will be provided at the conclusion of the trial in this matter.

Attachment 4
page 1 of 3

EXHIBIT B
PG 21 OF 29

Allstate Insurance Company and/or any insurance entity related to Allstate and arising from Policy No. 050 816479 to ELIZABETH HEYNEN.[2]

5. In addition, LESLIE FAIRBANKS will pay the sum of $150,000 to ELIZABETH HEYNEN for her bodily injury/illness within fifteen (15) business days of the signing of a formal document memorializing this settlement;

6. LESLIE FAIRBANKS and his attorneys will cooperate as needed in the prosecution of any future bad faith case against Allstate, including:

a. Provide a complete copy of all correspondence, communications, telephone logs, emails, demands and writings of any sort to and from Allstate, its agents, attorneys and other representatives regarding all claims in this matter for coverage, for a defense, for payment, settlement, cooperation, etc.;

b. Assist as needed as witnesses in any eventual litigation including meeting informally to prepare or respond to discovery, depositions, etc., any such costs of transportation, lodging and meals to be born by ELIZABETH HEYNEN.

c. Provide his most current address and contact number for purposes of assisting in the completion of discovery, depositions, etc;

7. In exchange for the assignment under the terms of this agreement, and payment of $150,000, ELIZABETH HEYNEN covenants not to execute on the Confession or in any fashion encumber or lien the assets of LESLIE FAIRBANKS or seek collection of any confession from other insurers including Alaska National Insurance Company.

8. LESLIE FAIRBANKS and Alaska National Insurance Company will maintain any right to claims against Allstate for collection and recovery of defense paid for LESLIE FAIRBANKS and payment of monetary amounts for resolution of the claims made by ELIZABETH HEYNEN;

9. This agreement will be binding on LESLIE FAIRBANKS and his estate.

[2] LESLIE FAIRBANKS agrees to complete a separate form more fully describing the Assignment of Interest at the time the Confession of Judgment is completed.

Attachment 4
page 2 of 3

EXHIBIT B
PAGE 22 OF 29

RECEIVED
MAR 1 9 2010

Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

ELIZABETH HEYNEN,

Plaintiff,

vs.

LESLIE A. FAIRBANKS and JULENE FAIRBANKS,

Defendants.

Case No. 1JU-07-710 CI

CONFESSION OF JUDGMENT AFTER ACTION
(ARCP 57(b))

Defendant LESLIE FAIRBANKS, pursuant to ARCP 57(b) and that Settlement Agreement and Assignment of Interest dated November 15, 2009, confesses judgment to Plaintiff ELIZABETH HEYNEN in the amount of $1,500,000.00.

DATED this ___ day of December 2009. Dated 8th of March 2010

[signature]
LESLIE A. FAIRBANKS

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Attachment 5
page 1 of 2

EXHIBIT B

ACKNOWLEDGEMENT

SUBSCRIBED AND SWORN TO before me this 8th day of ~~December, 2009~~ March, 2010 at Skagway, Alaska.

Notary Public in and for January 31, 2013
My Commission Expires:

NOTARY PUBLIC STATE OF ALASKA QUINTON E. SMITH My Commission Expires

CONSENT TO CONFESSION OF JUDGMENT

Plaintiff ELIZABETH HEYNEN, pursuant to ARCP 57(b) and that Settlement Agreement and Assignment of Interest dated November 15, 2009, assents to the Confession of Judgment by Defendant LESLIE FAIRBANKS.

DATED this ___ day of December 2009.

ELIZABETH HEYNEN

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

ACKNOWLEDGEMENT

SUBSCRIBED AND SWORN TO before me this ___ day of December, 2009 at ___.

Notary Public in and for ___
My Commission Expires:

Attachment 5
page 2 of 2

EXHIBIT 6
PAGE 24 OF 29

CT Corporation

**Service of Process Transmittal**
05/25/2011
CT Log Number 518576159

**TO:** Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A6
Northbrook, IL 60062-6127

**RE:** **Process Served in Alaska**

**FOR:** ALLSTATE INSURANCE COMPANY (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Elizabeth Heynen, Pltf. vs. Allstate Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Certificate of Service, Summons, Description, Complaint, Attachment(s) |
| COURT/AGENCY: | Superior Court for the First Judicial District at Juneau, AK<br>Case # 1JU-11-693 |
| NATURE OF ACTION: | Insurance Litigation - Breach of Contract - Failure to defend and/or indemnify Leslie A. Fairbanks dba Wind Valley Lodge - Policy No. 050-816479 - Seeking damages pursuant to the Confession of Judgment dated April 8, 2010, in the amount of $1,500,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Juneau, AK |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 05/25/2011 postmarked on 05/24/2011 |
| JURISDICTION SERVED : | Alaska<br>Answer due 6/13 or 14/11 |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service |
| ATTORNEY(S) / SENDER(S): | Mark Clayton Choate<br>Choate Law Firm LLC<br>424 N. Franklin Street<br>Juneau, AK 99801<br>907-586-4490 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/25/2011, Expected Purge Date: 05/30/2011<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Amy McLaren<br>9360 Glacier Highway<br>Suite 202<br>Juneau, AK 99801 |
| TELEPHONE: | 800-592-9023 |

Page 1 of 1 / KB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B
PG. 25 OF 29

STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
JUNEAU, ALASKA

CERTIFICATE OF SERVICE

I, Linda S. Hall, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS, CASE DESCRIPTION, COMPLAINT, AND ATTACHMENTS 1-5 IN THE SUPERIOR COURT FOR THE STATE OF ALASKA FIRST JUDICIAL DISTRICT AT JUNEAU,

ELIZABETH HEYNEN,

VS.

ALLSTATE INSURANCE COMPANY,

CASE NO. 1JU-11-693 CI

and that I have accepted, on your behalf, the above service, as received in person in Juneau, Alaska, on the 23RD DAY OF MAY 2011.

In accordance with the provisions of AS 08.18.081, one copy of the document together with my certification is forwarded to you:

ALLSTATE INSURANCE COMPANY,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document serve.

Linda S. Hall
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Stacie Estevez
Phone (907) 465-4614

IN TESTIMONY WHEREOF
I have hereunto set my
hand and affixed my
official seal, at Juneau, Alaska
this 24TH DAY OF MAY 2011.

EXHIBIT B
PG 26 OF 29

Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**
**FIRST JUDICIAL DISTRICT AT JUNEAU**

ELIZABETH HEYNEN,
Plaintiff,
vs.
ALLSTATE INSURANCE COMPANY,
Defendant.

Case No. 1JU-11-698 CI

**SUMMONS**

TO: ALLSTATE INSURANCE COMPANY
c/o DIRECTOR OF INSURANCE
DIVISION OF INSURANCE
P.O. BOX 110805
JUNEAU, ALASKA 9981-0805

YOU ARE HEREBY SUMMONED and required to serve upon the JUNEAU TRIAL COURTS, Dimond Courthouse, P.O. Box 114100, Juneau, Alaska 99811-4100, and a copy upon the Choate Law Firm LLC, 424 N. Franklin Street, Juneau, AK 99801; an Answer to the Complaint which is herewith served upon you, within 20 days after the service of this Summons upon you. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

DATED this 23rd day of May, 2011 at Juneau, Alaska.




Clerk of the Trial Courts

Deputy Clerk of Court



*Heynen v. Allstate Insurance Company [30826]*
*Summons*

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

EXHIBIT B
PG 27 OF 29

COPY
Original Received
MAY 23 2011
Clerk of the Trial Courts
By ~~Superior Court~~ Deputy
JS

Staple beneath Counsel of Record card.

# CASE DESCRIPTION

Case No. 1JU-11-693 CI ☐ District Court ☑ ~~Superior Court~~

1. Check the box below that best describes the case. Mark one box only.

## Cases Subject to Civil Rule 16(b)

### CONTRACT

*Contract cases involving real property should be reported under the real property category.*

- ☐ Debt Collection (DEB)
- ☐ Claim Against Seller of Goods/Services (CLM)
- ☐ Employment Dispute (EMP)
- ☑ Other Contract (OCT)

### TORT

- ☐ Intentional Tort (e.g., assault, battery, vandalism) (INT)
- ☐ Slander/Libel/Defamation (SLD)
- ☐ Product Liability (PRL)
- ☐ Wrongful Death (PID)

Automobile Negligence

- ☐ Personal Injury Only (PIA)
- ☐ Property Damage Only (PDA)
- ☐ Both (IDA)

Other Negligence

- ☑ Personal Injury Only (PIO)
- ☐ Property Damage Only (PDO)
- ☐ Both (IDO)

### MALPRACTICE

- ☐ Medical Malpractice (MMP)
- ☐ Legal Malpractice (LMP)
- ☐ Other Malpractice (OMP)

### REAL PROPERTY

- ☐ Foreclosure (FOR)
- ☐ Real Property Action (REM)

### OTHER CIVIL

- ☐ Declaratory Judgment/Injunctive Relief (INJ)
- ☐ Other (OCI). Please describe ____________________

## Cases Exempt From Civil Rule 16(b)

### DOMESTIC RELATIONS

- ☐ Dissolution Without Children (DIS)
- ☐ Dissolution With Children (DSC)
- ☐ Dissolution - One Spouse (DOS)
- ☐ Divorce Without Children (DIV)
- ☐ Divorce With Children (DVC)
- ☐ Legal Separation Without Children (LSP)
- ☐ Legal Separation With Children (LSC)
- ☐ Custody (CUS)
- ☐ Paternity (PAT)
- ☐ UIFSA - Child Support/Payment (UIF)
- ☐ License Action Review - Child Support (LAR)
- ☐ Other Domestic Relations (ODR)

### OTHER CIVIL

- ☐ Application For Post-Conviction Relief (PCR)
- ☐ Arbitration Proceeding (ARB)
- ☐ Change of Name (CON)
- ☐ Condemnation (CDM)
- ☐ Eviction - F.E.D. (FED)
- ☐ Registration of Foreign Judgment (FOJ)
- ☐ Habeas Corpus (HAB)
- ☐ Minor Settlement (MIN)
- ☐ Election Contest or Recount Appeal (ELE) (Forward immediately to assigned judge.)

### APPEALS & PETITIONS TO SUPERIOR COURT

- ☐ Appeal – Administrative Agency (ADR)
- ☐ Appeal – Civil or Small Claims (ACI)
- ☐ Appeal – Criminal (ACR)
- ☐ Appeal – Minor Offense (AMO)
- ☐ Petition for Review from District Court (PRD)
- ☐ Petition for Review from Admin. Agency (PRA)

2. If you checked a box in the first column, fill in the name of each defendant below, one name per line.

| Name of Defendant | Appearance | Answer | Request for Entry of Default | Notice of Dismissal by Plaintiff | Confession of Judgment |
|---|---|---|---|---|---|
| ALLSTATE INSURANCE COMPANY | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ Defendant list continued on back.

CERTIFIED MAIL

7004 0530 0001 2308 1448

CT Corporation System
9360 Glacier Hwy Ste 202
Juneau, AK 99801-7012

STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY,
AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
PO BOX 110805
JUNEAU, ALASKA 99811-0805

EXHIBIT B
PG 29 OF 29